UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| RENE F. FERNANDEZ,<br>#1068947 | )<br>)<br>) |
| Plaintiff, | ) 2:13-cv-00906-APG-GWF |
| vs. | )<br>) **ORDER** |
| MATT MOONIN, *et al.*, | )<br>) |
| Defendants. | ) |

On May 22, 2013, plaintiff filed a purported prisoner civil rights complaint pursuant to 42 U.S.C. § 1983 (ECF #1). Plaintiff has failed to either pay the filing fee or submit an application to proceed *in forma pauperis* on the required form. *See* 28 U.S.C. § 1915(a)(1)-(2); Local Rules of Special Proceedings 1-1, 1-2. As set forth below, even in the absence of an application to proceed *in forma pauperis*, the court must dismiss the complaint for failure to state a claim for which relief may be granted.

**I. Screening Pursuant to 28 U.S.C. § 1915A**

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. §

1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1),(2). *Pro se* pleadings, however, must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d. 696, 699 (9th Cir. 1988). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, pursuant to the Prison Litigation Reform Act of 1995 (PLRA), a federal court must dismiss a prisoner's claim, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d. 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the court takes as true all allegations of material fact stated in the complaint, and the court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404

2

1  U.S. 519, 520 (1972) (per curiam). While the standard under Rule 12(b)(6) does not require detailed
2  factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp.*
3  *v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007). A formulaic recitation of the elements of a cause of action
4  is insufficient. *Id., see Papasan v. Allain*, 478 U.S. 265, 286 (1986).

5  Additionally, a reviewing court should "begin by identifying pleadings [allegations] that,
6  because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft*
7  *v. Iqbal*, 129 S.Ct. 1937, 1950 (2009). "While legal conclusions can provide the framework of a
8  complaint, they must be supported with factual allegations." *Id.* "When there are well-pleaded factual
9  allegations, a court should assume their veracity and then determine whether they plausibly give rise to
10 an entitlement to relief. *Id.* "Determining whether a complaint states a plausible claim for relief [is] a
11 context-specific task that requires the reviewing court to draw on its judicial experience and common
12 sense." *Id.*

13 Finally, all or part of a complaint filed by a prisoner may be dismissed *sua sponte* if the
14 prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal
15 conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of
16 infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual
17 allegations (e.g., fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28
18 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

19 **II. Instant Complaint**

20 Plaintiff, who is incarcerated at High Desert State Prison, has sued several public
21 defenders, district attorneys, law enforcement personnel and a laboratory chemist. His complaint suffers
22 from several defects. First, in count I he alleges that defendant Moonin conducted a traffic stop of
23 plaintiff's vehicle without probable cause, which would implicate plaintiff's Fourth Amendment rights.[1]

---

[1] The court notes that the allegations in the complaint verge on frivolous and delusional. Plaintiff opens his complaint with "Mirror, mirror, on the wall, who's the most criminal of all?" In count I, plaintiff alleges "from June 4, 2007 up to February 13, 2007" defendant Moonin conducted an illegal traffic stop.

3

However, he claims that this stop occurred six years ago, apparently in either February or June 2007. Because § 1983 contains no specific statute of limitations, federal courts should borrow state statutes of limitations for personal injury actions in § 1983 suits. *See, e.g., Wallace v. Kato*, 549 U.S. 384 (2007). In Nevada, a personal injury action must be brought within two years. Nev. Rev. Stat. 11.190(4)(e). Accordingly, this claim is barred by the statute of limitations.

Second, several other claims are against district attorneys and public defenders. However, state prosecutors are entitled to absolute prosecutorial immunity for acts taken in their official capacity. *See Kalina v. Fletcher*, 522 U.S. 118, 123-25 (1997); *Buckley v. Fitzsimmons*, 509 U.S. 259, 269-70 (1993). And when public defenders or court-appointed attorneys are acting in their role as advocate, they are not acting under color of state law for § 1983 purposes. *See Georgia v. McCollum*, 505 U.S. 42, 53 (1992); *Polk County v. Dodson*, 454 U.S. 312, 320-25 (1981); *Jackson v. Brown*, 513 F.3d 1057, 1079 (9th Cir. 2008); *Miranda v. Clark County, Nev.*, 319 F.3d 465, 468 (9th Cir. 2003) (*en banc*). The Supreme Court has concluded that public defenders do not act under color of state law because their conduct as legal advocates is controlled by professional standards independent of the administrative direction of a supervisor. *See Polk County*, 454 U.S. at 321.

Finally, while plaintiff asserts that he does not seek to advance habeas corpus claims, several of his claims appear to be for ineffective assistance of trial counsel. When a prisoner challenges the legality or duration of his custody, or raises a constitutional challenge which could entitle him to an earlier release (such as ineffective assistance of counsel), his sole federal remedy is a writ of *habeas corpus*. *Preiser v. Rodriguez*, 411 U.S. 475 (1973); *Young v. Kenny*, 907 F.2d 874 (9th Cir. 1990), *cert. denied* 11 S.Ct. 1090 (1991). Moreover, when seeking damages for an allegedly unconstitutional conviction or imprisonment, "a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Heck v. Humphrey*, 512 U.S. 477, 487-88 (1994). "A claim for damages

bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." *Id.* at 488.

Accordingly, this action is dismissed without prejudice to plaintiff pursuing any habeas claims in a habeas corpus action. If plaintiff chooses to file a *habeas corpus* petition, he may do so in a new action, with a new case number, on the court-approved forms, accompanied by either a completed application to proceed *in forma pauperis* or the filing fee.

### III. Conclusion

**IT IS THEREFORE ORDERED** that plaintiff's complaint is **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that the Clerk shall send to plaintiff a blank petition for writ of *habeas corpus* form with instructions, as well as the approved form for an Application to Proceed *In Forma Pauperis* by a prisoner, as well as the document "Information and Instructions for Filing a Motion to Proceed *In Forma Pauperis*."

**IT IS FURTHER ORDERED** that the Clerk shall enter judgment accordingly and close this case.

DATED this 5th day of July, 2013.

_____
UNITED STATES DISTRICT JUDGE

5